**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

ANN E. HUFFERT,

                  Plaintiff,

-vs-                                           Case No. 6:06-cv-1776-Orl-31GJK

COMMISSIONER OF SOCIAL SECURITY,

                  Defendant.
_____

## REPORT AND RECOMMENDATION

TO THE UNITED STATES DISTRICT COURT

    This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **RICHARD A. CULBERTSON'S REQUEST FOR AUTHORIZATION TO CHARGE A REASONABLE FEE AND MEMORANDUM ON REASONABLE FEES AND TIMELINESS PURSUANT TO 42 U.S.C. § 406(b).** (Doc. No. 26) |
| **FILED:** | March 20, 2009 |
| **THEREON** it is **RECOMMENDED** that the motion be **GRANTED in part and DENIED in part and counsel be directed to reimburse Plaintiff for EAJA fees**. | |

**I.    BACKGROUND**

    On January 4, 2008, a judgment was entered reversing and remanding this case to the Commissioner of Social Security for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g). Doc. No. 21. On March 13, 2008, Plaintiff's counsel was awarded attorneys' fee in the amount of $4,771.45 under the Equal Access to Justice Act, 28 U.S.C. § 2412(d) (the

1

"EAJA"). Doc. No. 25. Plaintiff's counsel, Richard A. Culbertson was also granted an extension of the fourteen day period described in Rule 54(d)(2)(B), Federal Rules of Civil Procedure, "until thirty (30) days after the date Plaintiff is served with notice of the <u>amount of past due benefits awarded</u>" to file a motion for attorneys' fees under 42 U.S.C. § 406(b). Doc. No. 18 (emphasis added).

On April 15, 2008, Plaintiff received a notice of award for Supplemental Security Income (the "SSI Notice"), but the notice did not indicate the total amount of past due benefits awarded. Doc. No. 26-4 at 2-13. On May 25, 2008, Plaintiff received a notice of award of past due benefits (the "Notice"), which states the following in pertinent part:

> We are holding your Social Security benefits for August 2001 through April 2008. We may have to reduce these benefits if you received [SSI] for this period. We will not reduce your past-due benefits if you did not get SSI benefits for these months. . . . <u>When we decide how much you are due for this period, we will send another letter</u>.

Doc. No. 26-3 at 2-7 (emphasis added). Thus, the Notice did not quantify the total amount of past due benefits awarded to Plaintiff. On March 12, 2009, counsel for Plaintiff received the SSI Notice from Plaintiff. Doc. No. 26 at 11. On March 20, 2009, Mr. Culbertson filed a motion requesting Authorization to Charge a Reasonable Fee and Memorandum of Reasonable Fees and Timeliness Pursuant to 42 U.S.C. § 406(b) (the "Motion") requesting authorization to charge Plaintiff $4,488.25 as a reasonable fee. Mr. Culbertson, by utilizing the SSI Notice and the Notice, independently calculated an award of $39,153.00 in past due benefits. Doc. No. 26 at 1,

26-3 at 2-7.[1]  In the Motion, Mr. Culbertson argues that the Motion is timely because the Motion was brought within fourteen days of his receipt of the SSI Notice.  Doc. No. 26 at 11.

On March 26, 2009, the Commissioner of Social Security (the "Commissioner") filed a response in opposition (the "Response") to the Motion arguing that the Motion should be denied as untimely and, alternatively, Mr. Culbertson should be directed to reimburse Plaintiff the $4,771.45 in EAJA fees.  Doc. No. 27.

## II.  LAW AND ANALYSIS

Section 406(b) provides the following in pertinent part:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may, notwithstanding the provisions of section 405(i) of this title, but subject to subsection (d) of this section, certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits. In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.

42 U.S.C. § 406(b)(1)(A).  The statute further provides that it is unlawful for an attorney to charge, demand, receive or collect for services rendered in connection with proceedings before a court any amount in excess of that allowed by the court.  *See* 42 U.S.C. § 406(b)(2). Accordingly, to receive a fee under this statute, an attorney must seek approval of the proposed fee, even if there is a fee agreement between the attorney and the client.   In *Bergen v.*

---

[1] The Commissioner does not dispute Mr. Culbertson's calculations regarding the amount of past due benefits.  *See* Doc. No. 27.

3

*Commissioner of Social Security*, 454 F.3d 1273, 1277 (11th Cir.2006), the Eleventh Circuit held that Section 406(b) "authorizes an award of attorney's fees where the district court remands the case to the Commissioner of Social Security for further proceedings, and the Commissioner on remand awards the claimant past-due benefits." *Id*. Because Plaintiff was awarded past-due benefits following remand, the Court may award attorney's fees under § 406(b).

    A.   Timeliness of the Petition.

The first question is whether the Motion is timely. The undersigned recommends that the Motion is timely because, as stated in the Court's March 13, 2008 order, it was brought within thirty days of when Plaintiff was able to calculate the "amount of past-due benefits awarded." Doc. No. 18.

    B.   Refund of EAJA Attorney's Fees.

When attorney's fees are awarded under both § 406(b) and the EAJA, a social security claimant's attorney must "'refun[d] to the claimant the amount of the smaller fee.'" *Bergen*, 454 F.3d at 1277 (11th Cir. 2006) (quoting *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002)). This is required because to do otherwise would be a crime. Section 206 of Pub. L. No. 96-481, *amended by* Pub. L. No. 99-80 § 3, 99 Stat. 186 (1985), included a savings clause providing that the criminal penalties for accepting a fee under both the EAJA and § 406(b) are inapplicable "only if, where the claimant's attorney receives fees for the same work under both [§ 406(b) and the EAJA], the claimant's attorney refunds to the claimant the amount of the smaller fee." *Id.*[2]

Mr. Culbertson asserts, and the Commissioner does not dispute, that twenty-five percent of the past due benefits are $9,788.25 ($39,153.00 x .25 = $9,788.25). Doc. Nos. 26 at ¶¶ 2-3, 27

---

[2] The savings clause appears in the note to the EAJA, rather than the Act itself.

at 2-3. In the Motion, Mr. Culbertson appears to request an award based on the "net" amount he would be entitled to, stating:

> The attorneys fee due under the fee agreement between [Culbertson] and Plaintiff is at least $5,017.80 ($9,788.25 past-due Social Security Disability benefits minus $4,771.80 EAJA fees equals $5,017.80). The fee requested, $4,488.25, is within the 25% maximum allowed by 42 U.S.C. § 406(b) and incorporates the requirement that the EAJA fees be refunded to the Plaintiff.

Doc. No. 26 at 2. However, Mr. Culbertson's calculations are in error because $9,788.25 minus $4,771.80 equals $5,016.45. The Commissioner maintains that it is only appropriate for this Court to award Mr. Culbertson the Section 406(b) fees and then direct Mr. Culbertson to refund to the Plaintiff the smaller of the 406(b) or EAJA fees. Doc. No. 27 at 3. The procedure proposed by Mr. Culbertson would not strictly comply with the savings clause requirement because he would be awarded a "net" fee.

### C. Reasonableness of Contingent Fee

To evaluate an attorney's § 406(b) petition, the Court must determine whether the fee requested is reasonable. *Gisbrecht v. Barnhart*, 535 U.S. 739 (2002). The "best indicator of the 'reasonableness' of a contingency fee in a social security case is the contingency percentage actually negotiated between the attorney and client, not an hourly rate determined under lodestar calculations." *Wells v. Sullivan,* 907 F.2d 367, 371 (2d Cir. 1990). However, "[a] fee pursuant to a contingency contract is not *per se* reasonable." *McGuire v. Sullivan,* 873 F.2d 974, 979 (7th Cir. 1989). The contingency fee negotiated by the claimant and his counsel is not reasonable if the agreement calls for fees greater than the twenty-five percent (25%) statutory limit, the agreement involved fraud or "overreaching" in its making, the resolution of the case was

5

unreasonably delayed by the acts of the claimant's attorney, or would provide a fee "so large as to be windfall to the attorney." *Wells,* 907 F.2d at 372; *McGuire,* 873 F.2d at 981; *Rodriquez v. Bowen,* 865 F.2d 739, 746 (6th Cir. 1989). A contingency fee is more likely to be reasonable the greater the risk that the claimant would not prevail. *McGuire,* 873 F.2d at 985 ("A finding of riskiness is an essential one in granting a full twenty-five percent contingent award in a social security case."). Finally, "because section 406(b) requires an affirmative judicial finding that the fee allowed is 'reasonable,' the attorney bears the burden of persuasion that the statutory requirement has been satisfied." *Gisbrecht,* 122 S.Ct. at 1828 n. 17.

In *Yarnevic v. Apfel*, 359 F.Supp.2d 1363 (N.D. Ga. 2005), the Northern District of Georgia applied the following analysis:

> In determining whether a fee sought under § 406(b) is reasonable, the Court should look first to the contingent fee agreement and should then consider, *inter alia*, the character of the attorney's representation and the results achieve. The Court may also consider the hours the attorney spent representing the claimant before the Court and the attorney's normal hourly billing rate for non-contingent fee cases, but this data does not control the Court's determination of the requested fee's overall reasonableness.

*Id*. at 1363. Courts in the Middle District of Florida have adopted this analysis. *See McKee v. Commissioner of Social Security*, Case No. 6:07-cv-1554-Orl-28KRS, 2008 WL 4456453 at *5 (M.D. Fla. Sept. 20, 2008); *Whitaker v. Commissioner of Social Security*, Case No. 6:06-cv-1718-Orl-18KRS, 2008 WL 4710777 at *2-3 (M.D. Fla. Oct. 23, 2008). Mr. Culbertson attached two detailed time sheets showing that he and another attorney, Thomas S. Rice, Esq., spent a total of 28.6 hours of time on the case before this Court. Doc. Nos. 26-5. As a result of Mr. Culbertson's work, Plaintiff was successful on her claim. *See* Doc. No. 21. The Contingent Fee

Agreement shows that Plaintiff was aware of and agreed to pay attorneys' fees equal to twenty-five percent of the total of past-due benefits to which Plaintiff was entitled. Doc. No. 26-2. In the Motion, Mr. Culbertson is requesting an amount of attorneys' fees less than twenty-five percent of past-due benefits. *See* Doc. No. 26. Twenty-five percent of Plaintiff's past due benefits equals $9,788.25. As set forth above, Mr. Culbertson must refund $4,771.80 in EAJA fees to Plaintiff which would leave Mr. Culbertson with a net of $5,016.45. However, Mr. Culbertson is only requesting a net of $4,488.25 in Section 406(b) fees. *See* Doc. No. 26. Thus, Mr. Culbertson is requesting $9,260.05 in Section 406(b) fees which is $528.20 less than the total twenty-five percent amount allowable under the statute. After reviewing the results obtained, the Motion, the Contingent Fee Agreement, and the time sheet, the undersigned recommends that the attorneys' fees requested are reasonable.

### III. CONCLUSION

Based on the forgoing, the undersigned **RECOMMENDS** that the Court:

1) **GRANT in part and DENY in part** the Motion (Doc. No. 26);

2) Authorize Mr. Culbertson to charge and collect from Plaintiff the sum of $9,260.05;

3) **ORDER** Mr. Culbertson to simultaneously refund to Plaintiff $4,771.80 in EAJA fees;

4) Direct Mr. Culbertson to promptly provide a copy of the Court's order to Plaintiff; and

5) Direct the Clerk to close the case.

It is further **ORDERED** that Mr. Culbertson shall immediately provide a copy of this report and recommendation to Plaintiff. If Plaintiff objects to this report and recommendation, she may file an objection with the district court as set forth below.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

**RECOMMENDED** in Orlando, Florida on July 22, 2009.

*/s/ Gregory J. Kelly*
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies to:
Presiding District Judge
Counsel of Record
Unrepresented Parties