# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

ANN E. HUFFERT,

                  Plaintiff,

-vs-                                    Case No.  6:06-cv-1776-Orl-31GJK

COMMISSIONER OF SOCIAL
SECURITY,

                  Defendant.

_____

## ORDER

On July 22, 2009, Magistrate Judge Kelly entered a Report and Recommendation (Doc. 28), recommending that the Motion for Attorney's Fees (Doc. 26) be GRANTED IN PART AND DENIED IN PART.  Plaintiff filed timely objections to the Report (Doc. 29).  Defendant responded (Doc. 31).  Upon *de novo* review of the above, the Court concurs with the recommendation of the Magistrate Judge.

Although it may be more troublesome, as an administrative matter, for Plaintiff's counsel to receive the full 42 U.S.C. § 406(b) award and then cut a check to his client, the statute does not authorize recovery of a net fee. As interpreted by the Supreme Court, an attorney who receives payment for the same work under both § 406(b) and the EAJA must "refun[d] to the claimant the amount of the smaller fee." *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002).

Moreover, Plaintiff's counsel's fear that the check would constitute additional income and result in harm to his client appears groundless.  Although, as stated in *Barnhart*, the check would be in the *amount* of the EAJA fee, it does not constitute a pass-through of that fee.  Rather, as

described by the Supreme Court, it constitutes a portion of the past-due benefits owed to the Plaintiff. *Barnhart* at 796 (describing refund requirement and stating, "In many cases, as in the instant case, the [EAJA] effectively *increases the portion of past-due benefits the successful Social Security claimant may pocket*.") (emphasis added). Accordingly, it is hereby

**ORDERED** that:

1. The Report and Recommendation of the Magistrate Judge is Adopted and Confirmed;

2. The Motion for Attorney's Fees (Doc. 26) is GRANTED IN PART AND DENIED IN PART.

3. Mr. Culbertson is authorized to charge and collect from Plaintiff the sum of $9,260.05 and ordered, simultaneously, to refund to Plaintiff the sum of $4,771.80, representing the amount of the EAJA fee;

4. Mr. Culbertson is ordered to promptly provide a copy of this order to the Plaintiff; and

5. The Clerk is directed to close the case.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on August 11, 2009.

GREGORY A. PRESNELL<br>
UNITED STATES DISTRICT JUDGE

Copies furnished to:

United States Magistrate Judge
Counsel of Record
Unrepresented Party